```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

TRAVIS ASHLEY YODER,

          Petitioner,

vs.                            Case No. 3:08-cv-696-J-34TEM

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,[1]
et al.,

          Respondents.

## ORDER

### A. Status

Petitioner Travis Ashley Yoder, through counsel, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) with exhibits (Pet. Ex.) and a Memorandum of Law (Doc. #5) under 28 U.S.C. § 2254 on June 30, 2008, pursuant to the mailbox rule.[2] He challenges a 2003 state court (Duval County, Florida) judgment of conviction for second degree murder.

---

[1] The Secretary of the Florida Department of Corrections, having custody of Petitioner, is the proper Respondent.

[2] The Petition (Doc. #1) was filed in this Court on July 10, 2008; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court (June 30, 2008). See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Respondents' Answer in Response to Order to Show Cause (Response) (Doc. #12) with exhibits (Resp. Ex.). Petitioner has not filed a Reply, but has asserted that he is actually innocent of the second degree murder. See Petition at 8-13. This case is now ripe for review.

### B. One-Year Limitations Period

The following procedural history is relevant to the one-year limitations issue. On July 25, 2002, the State of Florida charged Petitioner with one count of first degree murder and one count of aggravated battery. Pet. Ex. A, Indictment. Petitioner pled guilty to the lesser offense of second degree murder, and the State agreed to a sentence of twenty-five years of imprisonment. Pet. Ex. B, Plea of Guilty and Negotiated Sentence. The State also agreed to abandon all charges in Case No. 2002-8054-CF, an unrelated case, in which Yoder was charged with one count of sale of cocaine within 1,000 feet of a school. Id.; Resp. Ex. A. The court accepted the plea as voluntary, adjudicated Yoder guilty, and sentenced him in accordance with the plea agreement. Pet. Ex. C. The State dismissed the aggravated battery charge. Id. at 17. The written judgment and sentence, filed June 13, 2003, were consistent with the oral pronouncement. Pet. Ex. D.

Petitioner did not appeal the judgment and sentence. See Petition at 6. Thus, his conviction became final thirty days later on July 13, 2003. See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires). After the 2003 conviction, the estate of the deceased child victim sued the State of Florida, asserting that the Florida Department of Children and Families (DCF) could have prevented the child's death. On May 24, 2004, during the course of the civil litigation, lawyers took the deposition testimony of forensic pathologist William R. Anderson, M.D., on May 24, 2004. "Petitioner learned through a newspaper article," dated June 4, 2004, that Dr. Anderson had given the deposition testimony. Petition at 2; Pet. Exs. E; F. Respondents assert that, by Petitioner's own allegations in the Petition, it appears that the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence, or in fact the date the factual predicate was actually discovered, was June 4, 2004, the date of the newspaper article. Petitioner, through counsel, does not contest Respondents' assertion. Therefore, the Court determines that the date on which the factual

predicate of the claims presented could have been discovered through the exercise of due diligence was June 4, 2004.[3]

Therefore, the one-year period of limitations started running the next day on June 5, 2004, and ran for three hundred and sixty (360) days, when Petitioner filed a pro se motion for post conviction relief (Rule 3.850 motion) pursuant to Florida Rule of Criminal Procedure 3.850 on May 31, 2005.  Resp. Ex. B.  Counsel filed an amended Rule 3.850 motion on January 31, 2006.  Resp. Ex. C.  On August 16, 2007, the trial court denied the Rule 3.850 motion and an amended motion filed by Petitioner.  Pet. Ex. I.  The appellate court affirmed the denials per curiam on November 28, 2007.  Yoder v. State, 971 So.2d 122 (Fla. 1st DCA 2007); Pet. Ex. K.  On January 4, 2008, the court denied Petitioner's motion for

---

[3] In Yoder's pro se motion for post conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, he states that his ex-wife informed him about the newspaper article containing "information that was vital to his case," and therefore, "sometime in October 2004," Yoder requested the information from the DCF lawyer, which Yoder received November 12, 2004. Resp. Ex. B at 4-5.  Referring to Dr. Anderson's May 2004 deposition testimony, the newspaper article stated: "A pathologist testified in a deposition for the state last month that he believes the boy died from a fall from the couch.").  Pet. Ex. E.  Even assuming that Petitioner did not find out about the deposition testimony until October 31, 2004, and then requested the information, the one-year limitations period ran for two hundred and eleven (211) days (November 1, 2004, to May 31, 2005).  Thus, even with this more generous calculation, the Petition is still untimely (211 days plus 158 days, totaling 369 days).

rehearing.  Pet. Exs. L; M.  The mandate issued on January 23, 2008.  Pet. Ex. M.

On or about February 4, 2008, Petitioner, through counsel, appealed to the Supreme Court of Florida.  Resp. Ex. F, Notice of Appeal.  The court dismissed the appeal for lack of jurisdiction, citing Jackson v. State, 926 So.2d 1262 (Fla. 2006)[4], and Jenkins v. State, 385 So.2d 1356 (Fla. 1980).  Yoder v. State, 978 So.2d 161 (Fla. 2008); Pet. Ex. N.

The Florida Supreme Court is a court of limited jurisdiction and did not have jurisdiction over the case.  See Tucker v. Dep't of Corr., 301 F.3d 1281, 1283 (11th Cir. 2002) (explaining that the Florida Supreme Court may review a decision of a district court of appeal by (1) conflict jurisdiction when the Florida Supreme Court perceives an actual or potential conflict within the law of the state, and (2) certified question jurisdiction).  Generally, the Florida Supreme Court does not have the authority to review cases where the district court of appeal issues a per curiam affirmance without issuing a written opinion.  Jackson, 926 So.2d 1262; Jenkins, 385 So.2d 1356.[5]  Thus, the time during which the Notice

---

[4] In Jackson, the court held that the state constitutional provision requiring the supreme court to review decisions of district courts of appeal declaring invalid a state statute or a provision of the state Constitution does not apply to unelaborated per curiam affirmance opinions of the district courts of appeal.

[5] The Supreme Court of Florida stated:  "Accordingly, we hold that from and after April 1, 1980, the Supreme Court of Florida lacks jurisdiction to review per curiam decisions of the several

of Appeal was pending does not toll the one-year period of limitations. Response at 5.

Accordingly, the one-year limitations period started running again the next day, on January 24, 2008, and ran for one hundred and fifty-eight (158) days, when Petitioner filed his Petition in this Court on June 30, 2008. Thus, five hundred and eighteen (518) days of untolled time ran. Based on the foregoing, the Petition, filed June 30, 2008, is untimely filed and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

Petitioner asserts that he is actually innocent of the crime due to newly-discovered evidence provided by Dr. Anderson in his May 2004 deposition. Insofar as Petitioner attempts to raise an actual innocence claim in his Petition, such a claim is not cognizable in federal habeas proceedings; however, it may serve as a gateway through which an otherwise procedurally barred constitutional claim may be considered on the merits. See Cunningham v. Dist. Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1273 (11th Cir. 2010) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground

---

district courts of appeal of this state rendered without opinion, regardless of whether they are accompanied by a dissenting or concurring opinion, when the basis for such review is an alleged conflict of that decision with a decision of another district court of appeal or of the Supreme Court." Jenkins v. State, 385 So.2d at 1359.

for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding") (quoting Herrera v. Collins, 506 U.S. 390, 400 (1993)).  "'To be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial."  Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup v. Delo, 513 U.S. 298 (1995)).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense in light of the new evidence. Schlup, 513 U.S. at 327.

In denying the Rule 3.850 motions, the state court stated in pertinent part:

> The opinions expressed by Dr. Anderson in his deposition were based on the same information and facts known at the time the Defendant pled guilty, they provide no new factual information, and merely assert a new theory as to what may have happened to the minor victim. (Exhibit "C."). . . .
>
> Moreover, the Defendant's presumptive assertion that the deposition definitely proves his innocence is overly optimistic, if not blatantly wrong.  The Defendant is under the misapprehension that for an injury to be considered indicative of blunt force trauma, the impact must be of a high-velocity, as opposed to a low-velocity, nature. (Defendant's Motion, page 10; Amended Motion, page 10).  Although the Defendant bases this belief on Dr. Anderson's deposition, the Defendant is misinterpreting what was actually said in the deposition.  Dr. Anderson testified that he felt the injury pattern did not indicate a "high-energy impact" such as he would normally see in a child abuse case, and

> opined that the minor victim could have died as a result of an accidental injury, such as falling off a couch and hitting his head. (Exhibit "C," page 16.) However, Dr. Anderson also testified that the medical findings indicate that the minor victim could very well have suffered his fatal head injury as a result of being intentionally pushed to the ground and striking his head, via a low-velocity impact . . . .
>
> Thus, Dr. Anderson's opinion as to the cause of the minor victim's fatal head injury was inconclusive as to the force of impact, and whether the injury was accidental or intentional. Accordingly, the deposition of Dr. Anderson is neither newly discovered evidence, nor does it conclusively demonstrate the Defendant's innocence . . . .

Pet. Ex. I at 3-6. In his deposition, Anderson opined that "this was not a high-velocity impact injury." Pet. Ex. F at 16. While Anderson thought the child victim's injury was probably accidental based on the low-velocity impact, id. at 17, 107, he ultimately concluded that there is "a very good chance" that it was an accidental injury, "but you can't rule out a low-velocity intentional injury." Id. at 109. Thus, Anderson was not able to conclusively determine whether it was an accidental or intentional injury. Id. Moreover, Dr. Arruza, the medical examiner who indicated that homicide by blunt head trauma was the cause of death, was also deposed in the civil lawsuit and maintained her opinion regarding the cause of death. Resp. Ex. D at 705 (Medical Examiner's Report), 718, 758, 760, 773. In sum, assuming Dr. Anderson's deposition is "new evidence," Petitioner has failed to

show that it is more likely than not that no reasonable juror would have convicted him of the underlying offense in light of Dr. Anderson's testimony. Thus, the actual innocence claim must fail.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### C. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong.  See Slack, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   Respondents' request to dismiss this case with prejudice (Doc. #12) is **GRANTED.**

2.   This case is **DISMISSED** with prejudice.

3.   The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

    4.    If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

    **DONE AND ORDERED** at Jacksonville, Florida, this 30th day of June, 2011.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 6/29
c:
Counsel of Record

- 12 -